WESTCHESTER COUNTY.—HON. OWEN T. COFFIN,
SURROGATE.—February, 1886.

## MATTER OF NEWMAN.

*In the matter of the judicial settlement of the account
of* CHARLES HAINES, *executor of the will of* AMOS
NEWMAN, *deceased.*

An adult legatee, who is entitled to receive, as such, a specified sum, " in
government bonds," may elect to take the same in money.

Testator, by his will, having bestowed the use of all his property upon his
wife for life, gave legacies, to take effect on her death, of $2,000 to C.,
and, of $1,000 to each of three nephews, the sums being given, in each
case, " in government bonds." Testator left government bonds, to the
amount, at par, of $4,000, only.—*Held,*

1. That, as testator neither bequeathed *his* government bonds, nor made
the legacies payable out of the same, they were neither specific nor
demonstrative, but general legacies payable in a specified manner, and
were all subject, with other general legacies, to *pro rata* abatement, in
case of a deficiency of funds, except as otherwise provided by the will.

2. That such legacies should be satisfied, by the executor, by investing the
requisite sums in government bonds, so far as they would go, and
delivering such bonds to the legatees.

CONSTRUCTION of will, at the instance of executor,
upon judicial settlement of his account, with a view
to the proper disposition of the funds of the estate.

CHARLES HAINES, *executor, in person.*

THE SURROGATE.—By his will, the testator gave to
his wife, who is now dead, the use of all his estate for
her life. Then, by the third clause, he provided as
follows: " I give and bequeath unto my said daughter
in law, Clarissa A. Newman, to take effect at the
death of my said wife, the sum of two thousand dol-

lars in government bonds, and to her heirs and assigns forever." By the fourth, fifth and sixth clauses, he gave to each of three nephews, Horace, Hosea and Amos Lounsbury, on the death of his wife, "one thousand dollars in government bonds;" making in all $5,000. By the seventh, eighth and ninth clauses, certain amounts are bequeathed to other persons, and they are, unquestionably, general legacies. By the tenth clause, after the death of his wife, he bequeaths the residue of his personal estate to the three nephews named, and to his niece, Sarah J. Reynolds, a general legatee named in the seventh clause, share and share alike; and then proceeds as follows: "but should there not be enough to pay off the several legacies, then enough must be taken out of my three nephews and niece to make enough to pay off the same."

The testator left government bonds to the amount, at par, of only $4,000, and there are not sufficient assets to pay all the legacies. Those to the daughter in law and the three nephews of sums of money, "in government bonds," possibly, were so given by the testator under the erroneous supposition that the amount, at par, which he had, was $5,000. However that may be, the legacies "in government bonds," are not specific (Tifft v. Porter, 8 *N. Y.*, 516); nor are they demonstrative, because not directed to be paid out of any particular fund, as was done in the cases of Giddings v. Seward (16 *id.*, 365), and Newton v. Stanley (28 *id.*, 61); nor out of any specified portion of his assets. The case of Pierrepont v. Edwards (25 *id.*, 128), cited by the executor, carries the definition of what is a demonstrative legacy, by a

MATTER OF NEWMAN.

divided court, to its extreme verge ; still, it was there held to be such.  But here the legacies are not specific, nor are they demonstrative.  The testator does not bequeath *his* government bonds, nor does he make the legacies payable out of them.  He simply gives general legacies of money, payable in a certain manner.  The effect would have been the same if he had directed them to be paid in gold coin, in greenbacks, in bonds and mortgages, in cattle, sheep, or horses.  All are nothing more than general legacies, and all equally subject to abatement, in case of deficiency, had not the testator otherwise provided.

It results then that, Mrs. Newman's legacy being payable in full, the executor should, with the two thousand dollars bequeathed to her, invest that sum, so far as it will go, in government bonds, and deliver the same to her.  For the purposes of the will, the bonds left by the testator may be converted into money, which, with other assets, should be applied toward the payment of all the general legacies, except those to the nephews and the niece, and then what remains, if insufficient to pay them in full, must be divided *pro rata* among them ; the shares of the three nephews being used by the executor in the purchase of government bonds and delivered to them, as contemplated by the will.

It is, doubtless, competent for any or all of the legatees, to whom sums are given, payable in such bonds, being of full age, to take money instead, at their option.

Decreed accordingly.